IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE ROY CHANEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2260-E-BN |
| | § | |
| DALLAS SHERIFF OFFICE, ET AL., | § | Consolidated with: |
| | § | No. 3:24-cv-2478-E-BN |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lee Roy Chaney, while an inmate at Ellis County jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Dkt. No. 3. United States District Judge Ada Brown referred Chaney's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Chaney leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 7. And a second complaint filed by Chaney was consolidated. *See* Dkt. No. 14; *see also Chaney v. Ellis Cnty. Sheriff Office*, No. 3:22-cv-2478-E-BN, Dkt. No. 7 (consolidated complaint).

And, after screening his claims, as detailed below, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit under 28 U.S.C. § 1915A.

**Applicable Background**

Under the PLRA, where prisoners (whether incarcerated or detained pending trial) seek relief from a governmental entity or employee, a district court must, on

initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Consistent with this obligation and noting that the defendants named in Chaney's complaint were all non-jural entities not subject to suit, the magistrate judge previously assigned to this case issued a screening questionnaire, providing Chaney the opportunity to amend to name different defendants. *See* Dkt. No. 8 at 2. The questionnaire required Chaney to provide specified information as to each defendant, including "[a] brief summary of all actions taken by that defendant that support each of your claims against him," with "the date (month, day, and year) and location where each of those actions took place." *Id.* at 3. It also asked Chaney to state what relief he sought. *See id.* at 4.

Chaney filed a verified response. *See* Dkt. No. 9. But rather than providing the specific information requested in the questionnaire, he listed Dallas County, Ellis County, multiple individuals, including at least two judges, as well as several catch-all categories like "District Attorneys," "All Medical Staff," and "Wayne McCollum Staff." *See id.* at 1-2, 8. Chaney also wrote out several pages of grievances but generally did not connect those grievances with specific individuals or otherwise identify actions taken by particular defendants as the order required. *See id.* at 2, 5-7. With respect to the question about relief sought, Chaney only answered as to claims related to his medical care but not the litany of other claims alleged in his

questionnaire. *See id.* at 4.

So the previously assigned magistrate judge issued a second questionnaire essentially repeating the first question from the earlier questionnaire but emphasizing that Chaney needed to provide all information for each defendant with a particular emphasis on the requirement to provide "**[a] brief summary of all actions taken by that defendant**." *See* Dkt. No. 10 at 2.

Chaney filed a response specifically naming five defendants – Zackry Beauchamp of the Waxahachie Police Department, Corbin Philps of the Lancaster Police Department, District Attorney Grossman, Judge R.H. Magnus, and Dallas County – and setting out a summary of actions taken by each. *See* Dkt. No. 12.

Shortly after filing his first case, Chaney filed a second civil rights case. *See Chaney v. Ellis Cnty. Sheriff Office*, No. 3:22-cv-2478-E-BN. The magistrate judge assigned to that case issued a notice of deficiency ("NOD") informing Chaney that his complaint was "not in compliance with Federal Rule of Civil Procedure 8(a) and requiring Chaney to file on the form prisoner civil rights complaint for this Court. *See id.*, Dkt. No. 6.

And Chaney filed an amended complaint related to his access to the law library and medical services at the Wayne McCollum Detention Center in Ellis County. *See id.*, Dkt. No. 7. He named T. Eberhart, G. Flores, and Head Nurse Terry as defendants. *See id.* After Chaney filed his amended complaint, the two cases were consolidated. *See* Dkt. No. 14.

Chaney was arrested in September 2020, by officers Zachary Beauchamp and

Corbin Phillips in Lancaster, Texas. *See Chany v. State*, No. 05-22-00168-CR, 2023 WL 2155948, at *1 (Tex. Ct. App.—Dallas Feb. 22, 2023, pet. denied). He was charged, and subsequently convicted of, tampering with or fabricating physical evidence and possession of a controlled substance in Dallas County. *See id.* According to the judgment of conviction from Dallas County, the judge presiding over Chaney's trial was Rick Magnis and the attorney for the state was James Grossman. *See State v. Chaney*, Nos. F20-39327-P, F20-39331-P (203rd Jud. Dist. Ct. Feb. 9, 2022). Chaney appealed, and the Texas Fifth Court of Appeals affirmed. *See Chany*, 2023 WL 2155948, at *3.

The timeline for which jail – Dallas County or Ellis County – had custody of Chaney at any particular time is not clear from the pleadings, but based on online records of Dallas and Ellis County, it appears that, while on bond in Dallas County, Chaney was arrested in April 2021 in Ellis County on a charge of possession of a controlled substance. And he pled guilty to the Ellis County charge in March 2023. *See State v. Chaney*, No. 47744CR (443rd Jud. Dist. Ct. Mar. 29, 2023).

## Legal Standards

As set out above, the PLRA authorizes the Court to dismiss a complaint where it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under these standards, Federal Rule of Civil Procedure 8(a)(2) does not require

- 4 -

that a complaint contain detailed factual allegations, but it does require "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the

elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Other than the defendants and claims identified in response to the magistrate judge's second questionnaire [Dkt. No. 12] or the amended complaint in the consolidated case [No. 3:22-cv-2478-E-BN, Dkt. No. 7], all defendants identified in the complaint in the lead case and the magistrate judge's first questionnaire should be dismissed because Chaney has not made any attempt to set out the basis for his claims against those defendants. The undersigned addresses the claims in the second questionnaire, focusing on Dallas County defendants, and in the amended complaint in the consolidated case, focusing on Ellis County defendants, separately.

I.      **Claims Alleged In Second Questionnaire Should Be Dismissed.**

A.      <u>Claims against Judge Magnis are barred by judicial immunity</u>.

"[A] judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). "Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*; *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court [employees] 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981))); *Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991) ("[T]he judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity." (citations omitted)).

There is nothing in the complaint to indicate that any of Judge Magnis's interactions with Chaney were not in his judicial capacity or that there was an absence of jurisdiction. So the claims against Judge Magnis should be dismissed because they are barred by judicial immunity.

B.    <u>Claims against Assistant District Attorney Grossman are barred by prosecutorial immunity</u>.

Similarly, a prosecutor is entitled to absolute immunity "for actions 'initiating a prosecution and … presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Absolute immunity extends to claims of suppression of evidence in violation of *Brady v. Maryland* and even "[w]ilful or malicious prosecutorial misconduct … in the exercise of their advocatory function." *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (citing *Imbler*, 424 U.S. at 430).

Although a prosecutor is entitled only to qualified immunity for certain administrative activities, *see Van de Camp v. Goldstein*, 555 U.S. 335, 343 (2009), nothing in the complaint indicates that the allegations address anything other than the initiation and prosecution of the State's case against Chaney. So his claims against Assistant District Attorney Grossman are barred by prosecutorial immunity.

C.    <u>Claims against Officers Beauchamp and Phillips are conclusory or, in the alternative, are barred by *Heck*</u>.

The claims set out in response to the magistrate judge's second questionnaire against Officers Beauchamp and Phillips amount to a laundry list of labels and conclusory statements without any factual support and should be dismissed for failure to state a claim. *See* Dkt. No. 12 at 2-3. But, to the extent that any of the claims against the officers could plausibly state a claim, they are barred by *Heck v.*

*Humphrey*, 512 U.S. 477 (1994).[1]

A Section 1983 claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

As to whether a particular civil claim is subject to the rule in *Heck*,

[i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

Though it is not clear what relief Chaney seeks as to his claims attacking his Dallas County convictions, while *Heck* generally applies to claims for damages, it

---

[1] These arguments would also apply to the claims against Judge Magnis and Assistant District Attorney Grossman to the extent that they are not entitled to immunity as to any of the claims. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (Absolute immunity is "threshold matter" that "is appropriate for the district courts to resolve before reaching the *Heck* analysis when feasible.").

applies equally where a suit seeks injunctive relief. *See, e.g., O'Donnell v. Harpstead*, No. 21-cv-0177 (ECT/TNL), 2021 WL 1200671, at *2 (D. Minn. Feb. 26, 2021) ("[A]lthough *Heck* discusses only claims brought for monetary damages, the principles of that case apply to all claims brought in civil litigation that necessarily imply the invalidity of detention, including claims for injunctive relief." (citing *Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at *2 (E.D. Mo. Dec. 30, 2009) (collecting cases))), *rec. accepted*, 2021 WL 1195863 (D. Minn. Mar. 30, 2021).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)).

Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

Other than conclusory assertions of medical neglect, the allegations set out in response to the second questionnaire focus on the validity of Chaney's Dallas County conviction. *See* Dkt. No. 12. But Chaney does not show that conviction has been reversed, invalidated, set aside, or otherwise resolved in his favor. In fact, the conviction was affirmed on appeal. *See Chany*, 2023 WL 2155948, at *3. So claims against Officers Beauchamp and Phillips are barred by *Heck* and not cognizable.

D.    Claims against Dallas County should be dismissed for failure to state a claim for municipal liability under *Monell.*

A county "cannot be held liable under § 1983 unless 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). A plaintiff may proceed on a *Monell* claim only by

> identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021); *see also Brown v. Tarrant Cnty.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

Chaney's claim against Dallas County asserts that he was injured, required to work while injured, and was not taken to the hospital. *See* Dkt. No. 12 at 5. But no official policy or custom is identified. Chaney's claims instead attempt to state a claim against Dallas County based on the actions of its employees under respondeat superior, which is not sufficient to state a claim. So the claims against Dallas County should be dismissed.

II.    **Claims Alleged In Consolidated Amended Complaint Should Be Dismissed.**

The amended complaint in the consolidated case alleges claims against three individuals related to law library access and medical care. *See* No. 3:22-cv-2478-E-BN, Dkt. No. 7 at 3-4. The defendants named are T. Eberhart who Chaney asserts is "over Wayne McCollum Det[e]ntion Center," G. Flores who is alleged to be a corporal presumably at Wayne McCollum Detention Center, and Terry who is alleged to the be head nurse at Wellpath. *See id.* at 4.

A.    Claim for denial of access to law library should be dismissed.

Chaney asserts that he was not permitted to go to the law library when he asked and that, as a pretrial detainee, he "should have access to up to date law library" so he could fight his criminal case in Ellis County. *Id.* at 3. But the docket for his Ellis County criminal case reflects that Chaney was represented by counsel. *See State v. Chaney*, No. 47744CR (443rd Jud. Dist. Ct.).

"[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). So a prisoner claiming denial of access to a law library or legal assistance program must "demonstrate an actual injury." *Mendoza v. Strickland*, 414 Fed. App'x 616, 618 (5th Cir. 2011) (per curiam); *see also Hopkins v. Ogg*, 783 F. App'x 350, 354 (5th Cir. 2019) (per curiam) ("A prisoner's right of access to the courts is limited to 'the ability of an inmate to prepare and transmit a necessary legal document to a

court.'" (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996); *Terry v. Hubert*, 609 F.3d 757, 761-62 (5th Cir. 2010)).

Chaney cannot demonstrate such an injury "because he was represented by counsel and, therefore, his right to access the courts had not been infringed." *Id.*; *see also Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir.1981) ("As long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney.").

And, even if that were not the case, Chaney did not "show that 'his position as a litigant was prejudiced by his denial of access to the courts.'" *Hopkins*, 783 F. App'x at 354 (quoting *Eason*, 73 F.3d at 1328). Specifically, "he does not explain how he would have proceeded with access to a law library, what claims he would have raised, or how those claims would have been meritorious." *Id.*

So Chaney fails to plausibly allege a constitutional violation related to access to a law library, and those claims should be dismissed.

B.    Claim for medical neglect should be dismissed.

As to the claim related to medical neglect, Chaney alleges that he "came in with a broken ankle and a bone comeing [*sic*] out the side of [his] leg the first 2 month I was refused medical." No. 3:22-cv-2478-E-BN, Dkt. No. 7 at 3. There is little additional detail in the consolidated amended complaint to assist in screening.

But, while they are not linked to any particular defendant, allegations in other filings provide additional information about Chaney's injury and medical treatment. In the complaint in the lead case, Chaney alleges that, as of October 2022, a bone had

been "pruseing out the side of [his] leg … for over 2 yrs." Dkt. No. 3 at 8. The original injury was allegedly either caused by harassment by Lancaster police or working in an oil field and then was allegedly "rebroken on the floor at Cook Chill where they made me go to work." *Id.*

The Cook Chill injury took place while Chaney was incarcerated in Dallas County jail, and he alleges that he was not taken to the hospital at the time. *See* Dkt. No. 12 at 5. He alleges that he was waiting for an operation when he was bonded and had to start again with his blood flow checks. *See* Dkt. No. 3 at 8. Chaney asserts that the injury did not heal properly due to "unproper medical attention." *See* Dkt. No. 9 at 4.

At no point in the various allegations does Chaney clarify the timeline of when the injury occurred, when he was transferred to McCollum Detention Center in Ellis County, or specifically how Nurse Terry or any other personnel at Ellis County contributed to his injury beyond not providing the operation that Chaney contends is necessary to fix his leg. And his allegations indicate that there was a period of time between his injury and his incarceration at McCollum when Chaney was out on bond and did not obtain the medical care that he claims should have been provided to him in prison.

"In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

- 14 -

"'Deliberate indifference is an extremely high standard to meet' but can be satisfied by a 'wanton disregard for [an inmate's] serious medical needs.'" *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (quoting *Domino*, 239 F.3d at 756).

Put another way, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))); *see also Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." (cleaned up)).

Alone, a disagreement with medical treatment or a failure to provide additional medical treatment does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Smith v. Allen*, 288 F. App'x 938, 939 (5th Cir. 2008) (per curiam) (determination that a prisoner was not a candidate for further surgery after two prior surgeries were not successful "is insufficient to establish a constitutional violation" (citations omitted)).

Chaney alleges claims for medical neglect against two defendants in the consolidated amended complaint. The first is Corporal Flores, but there are no

allegations to explain how he acted with deliberate indifference beyond an assertion of "neglect to medical needs." As to the second defendant, Nurse Terry, Chaney alleges that she is the head nurse for Wellpath, but "[u]nder section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987). So to the extent that Chaney seeks to hold her responsible for the actions of all medical personnel at McCollum, he has not sufficiently pled a claim. And the limited allegations about Nurse Terry specifically within the context of all the allegations about his injury and treatment also do not state a claim. Failure to provide the surgical treatment Chaney sought for an old injury does not meet the extremely high standard for deliberate indifference to an inmate's serious medical needs.

So Chaney fails to plausibly allege a constitutional violation related to his assertions of medical neglect, and those claims should be dismissed.

## Leave to Amend

Chaney has been given multiple opportunities in the consolidated cases to amend or to provide additional details through responding to questionnaires but still has not been able to plausibly allege a coherent claim. That said, if Chaney believes that he has not yet stated his best case as to any claim discussed above – which means, after considering the notice provided above, Chaney believes he knows of more facts that he can assert to allege a plausible claim – the time to file objections (further explained below) allows him an opportunity to explain how he would cure the deficiencies identified above and thus show the Court that his case should not be

dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2)), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects."). But if Chaney cannot show that leave should be granted, the Court should dismiss this case with prejudice other than the claims against Judge Magnis and District Attorney Grossman which should be dismissed as barred by absolute immunity.

## Recommendation

The Court should dismiss claims against Judge Magnis and District Attorney Grossman as barred by judicial and prosecutorial immunity respectively and should dismiss the remainder of the claims in the consolidated cases with prejudice under 28 U.S.C. § 1915A(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE